UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WENDY DIAZ MENDOZA | : | CIVIL ACTION |
| Individually and on behalf of all others | : | |
| similarly situation | : | |
| | : | |
| VERSUS | : | NO.  20-2090 |
| | : | |
| | : | |
| ITO, INCORPORATED d/b/a Kikka | : | |
| and Tonny Soesanto | : | |

_____

**FLSA COLLECTIVE ACTION COMPLAINT**

1.  This is a collective action brought by WENDY DIAZ MENDOZA  ("Plaintiff"), individually and on behalf of all others similarly situated, seeking unpaid overtime compensation and other relief allowed by law from KIKKA A/K/A KIKKA SUSHI (collectively "KIKKA") and Tonny Soesanto.

2.  Defendants employ individuals as cooks, clerks, and customer attendants in their various sushi restaurant locations in various states, including Louisiana, where their operations are primarily located within Whole Foods Market's and pay those individuals on an hourly basis.  Plaintiff and all others similarly situated work or worked for Defendants as cooks, clerks, and customer attendants in their various sushi restaurant locations in various states, including Louisiana and have routinely worked more than forty (40) hours per workweek without being paid an overtime rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) hours per workweek.

3.  Plaintiff brings this action as an opt-in collective action on behalf of themselves and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201,

*et seq.* (the "FLSA"). Plaintiffs' claims are asserted as a collective action under 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action is brought under the FLSA.

5. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b)(1) because one or more Defendants reside in this district all Defendants are residents of the State of Louisiana, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## PARTIES

6. Plaintiff is an adult resident of the Jefferson Parish, Louisiana.  Plaintiff has worked for Defendants as cooks, clerks, and customer attendants within its Whole Foods Market business location in New Orleans, Louisiana.  Plaintiff brings this action on behalf of herself and all other similarly situated individuals (the "FLSA Collective") pursuant to 29 U.S.C. § 216(b).

7. Plaintiffs and the FLSA Collective are current and former employees of Defendants within the meaning of the FLSA within three years before the filing of this Complaint.

8. KIKKA A/K/A KIKKA SUSHI  is a private company founded in and with its principal place of business in Inglewood, California, but authorized to and operating within the State of Louisiana and within the jurisdiction of the Eastern District Court.

9. Tonny Soesanto is an adult resident of Inglewood, California and the CEO for Defendants.  On information and belief Tonny Soesanto maintains a constant and active interest in the business' day-to-day operations.  Upon information and belief, Tonny Soesanto devised the plan to underpay Plaintiffs and the FLSA Collective for their overtime work.

## FLSA COVERAGE

10. At all times relevant to this action, Defendants have been an enterprise as defined by the FLSA.

11. At all times relevant to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA.

12. At all times relevant to this action, Defendants have been an enterprise with employees engaged in commerce or in the production of goods for commerce, and/or with employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. At all times relevant to this action, Defendants have been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00

14. At all times relevant to this action, Defendants were employers as defined by the FLSA.

## FACTS

15. The Kikka defendants form a successful restaurateur, then as a sushi supplier company with over 25 years of experience, and several years operation and experience in the New Orleans area.. The company currently specializes in operation of small in-store sushi restaurants and a sushi supplier in the New Orleans metropolitan area, and beyond.

16. At all times relevant to this action, KIKKA has employed Plaintiff and other employees to work at an hourly rate as restaurant workers, as well as in the other services listed hereinabove. Plaintiffs and the other KIKKA workers performed most or all of their work for KIKKA within the Eastern District of Louisiana.

17. Tonny Soesanto was also an employer, for FLSA purposes, of Plaintiffs and the other KIKKA workers. Tonny Soesanto at all times relevant to this action owned and operated KIKKA and exercised control over the day-to-day operations and finances of KIKKA. Specifically as to

Plaintiffs and the other KIKKA, Tonny Soesanto (1) held the power to hire and fire; (2) managed and controlled work schedules and employment conditions; (3) determined rates and methods of payment; and (4) maintained employment records.

18. Upon information and belief, KIKKA and/or Tonny Soesanto instigated the creation of West Bank Holdings II with the intention that West Bank Holdings II would become the "employer" of Plaintiffs, through check issuance on paper, and the other KIKKA workers, or some of them.

19. Plaintiffs had no knowledge of West Bank Holdings II as an employer and Plaintiffs never had reason to believe that they were employees of any entity other than KIKKA, and in fact any and all payment distributed to them, work assignments, hours, uniforms, tools, and otherwise were provided by KIKKA.

20. West Bank Holdings II is an instrumentality or alter ego of KIKKA and Tonny Soesanto and is, at most, a joint employer with those defendants.  KIKKA and Tonny Soesanto at all relevant times continued to control the restaurant employees hiring and firing, work schedules and employment conditions, rates and methods of payment, and employment records.

21. Although Plaintiffs were non-exempt employees under the FLSA and routinely worked in excess of 40 hours per week, Defendants never paid Plaintiffs an overtime rate of one and one-half times their regular rate of pay for hours worked in excess of 40 hours per workweek.

22. Defendants have also willfully and improperly applied the same unlawful pay practice to many other non-exempt employees.  Plaintiffs are aware of other current and former non-exempt employees of Defendants who also worked overtime hours for Defendants without receiving overtime pay.

23. Any records concerning the number of hours worked by and amounts paid to Plaintiffs and the other restaurant employees are in the possession and custody of Defendants.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiffs bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all others employed by Defendants as restaurant employees, chefs, cooks, and clerical workers within three (3) years prior to the filing of this Complaint who, like Plaintiffs, have not been compensated at one and one-half their regular rate of pay for all hours worked in excess of forty (40) in a single workweek.

25. Plaintiffs have consented in writing to be a part of this action.  Plaintiff signed consent forms are attached hereto as **Exhibit A.**

26. More than a dozen additional current and/or former employees of Defendants have signed consent forms to join this action as "opt-in" members of the FLSA Collective.  These consent forms will be filed at a later date.  As this case proceeds, it is likely that other individuals will file consent forms and join this action as "opt-in" plaintiffs.

27. Defendants classify and pay all of their restaurant clerical employees, such as Plaintiff,  in the manner described herein.  As such, Defendants maintained a common pay practice or policy and the FLSA Collective are similarly situated to Plaintiffs.

28. Defendants' restaurant employees all perform the same essential job functions and duties although one employee might have more tenure, experience, or require less supervision than another employee in the same or similar position.  As such, the FLSA Collective are similarly situated to Plaintiffs.

29. Although the exact amount of damages may vary, damages for each individual can be calculated using the same method and formula.

30. Defendants possess the names and contact information of the FLSA Collective in their records.

31. The FLSA Collective should be allowed to receive notice about this lawsuit and given an opportunity to join.  Like Plaintiffs, these similarly situated employees are entitled to recover their unpaid overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class:

> All individuals who were employed by
> KIKKA A/K/A KIKKA SUSHI, Tonny Soesanto, or any other related entity as restaurant employees during any workweek between JUNE 29, 2017 and up to the time notice of this action is provided.

32. Defendants willfully engaged in a pattern of violating the FLSA as described in this Complaint in ways including, but not limited to, failing to pay their employees overtime compensation. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

### COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA

33. Plaintiffs incorporate by reference the allegations contained in all of the above paragraphs as if fully set forth herein.

34. The FLSA applies to Defendants' employment of Plaintiffs and the FLSA Collective.

35. The FLSA mandates that employees are entitled to overtime premium pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per workweek.

36. Defendants have willfully refused to pay overtime to Plaintiffs and the FLSA Collective for hours worked in excess of 40 hours per workweek.

37. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

38. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the FLSA. Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the FLSA Collective, pray for judgment against Defendants as follows:

A. Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. A finding that Plaintiffs and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C. A finding that Defendants violated the overtime provisions of the FLSA;

D. A finding that Defendants' violations of the FLSA were willful;

E. Judgment against Defendants in the amount of Plaintiffs' and the FLSA Collective's unpaid overtime wages at the applicable rates;

F. An award of all damages, liquidated damages, pre-judgment interest and/or post-judgment interest;

G. An award of attorneys' fees and costs incurred in prosecuting this action;

H. Leave to amend to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

I. Leave to amend to add state law claims; and

J. For such other and further relief, in law or equity, as this court may deem appropriate and just.

Respectfully submitted:

**BURGOS & ASSOCIATES, L.L.C**


_____*/s/ Gabriel O. Mondino*_____

CESAR R. BURGOS (#24328)
ROBERT J. DAIGRE (#23016)
GABRIEL O. MONDINO (#31514)
GEORGE MCGREGOR (#33977)
LEILA M. BONILLA (#38631)
3535 Canal Street, Suite 2100
New Orleans, Louisiana 70119-6135
Telephone: (504) 488-3722
Facsimile: (504) 482-8525
*Attorneys for Plaintiffs and*
*the Putative FLSA Collective Class*